UNITED STATES of America, Plaintiff—Appellee,

v.

Benito CASTRO–MELGOZA, Defendant—Appellant.

No. 03–50079.

D.C. No. CR–02–02010–JKS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 2004.

Decided March 15, 2004.

Patrick K. O'Toole, Asst. U.S. Atty., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Anthony E. Colombo, FDCA–Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before NOONAN, KLEINFELD, and BERZON, Circuit Judges.

MEMORANDUM [*]

The district court did not err in giving the *Jewell*[1] instruction. The testimony of Agent Stentz tended to show either actual knowledge or deliberate ignorance, depending on whether the jury believed all or only part of his testimony.[2] Even if the jurors did not believe the agent's testimo-

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See United States v. Jewell*, 532 F.2d 697, 698–99 (9th Cir.1976) (en banc).

2. *United States v. Sanchez–Robles*, 927 F.2d 1070, 1074 (9th Cir.1991) ("[I]f there is evidence of both actual knowledge *and* of deliberate ignorance, a *Jewell* instruction is appropriate.") (internal quotations omitted).

ny that Castro–Melgoza confessed to actual knowledge of the drugs, they could have believed the agent's testimony that Castro–Melgoza told the agent that (1) he borrowed the truck from someone in Mexico he knew was a drug dealer, (2) he was instructed to drop off the truck at a specific place in California; and (3) he was to be paid $1,000 for the successful delivery of the truck. This evidence presented sufficient suspicious circumstances to create a middle ground between actual knowledge and no knowledge, such that the jury could infer "that the defendant deliberately shut [his] eyes to avoid confirming the existence of a fact [he] all but knew."[3] Also, the defendant's opening statement suggested a focus on scienter, making scienter likely to arise in closing argument and deliberations.

The government's statements in rebuttal argument that "Why wouldn't the actual story of what did occur [be] said" were not manifestly intended to call attention to Castro–Melgoza's failure to testify.[4] At worst, they were a product of a "single, isolated incident"[5] and did not violate Castro–Melgoza's Fifth Amendment right not to testify.

Even if the government's statements during argument about defense counsel taking the stand were inappropriate, they did not constitute prosecutorial misconduct. The court gave a prompt curative instruction,[6] and it is not more probable than not that the statements "materially affected the fairness of the trial."[7]

The district court did not err in denying Castro–Melgoza's motion to suppress evidence. The inspectors had reasonable suspicion for the search under the totality of the circumstances, which is all that is needed for a non-routine border search.[8] The statutes under which Castro–Mendoza was convicted are not unconstitutional.[9]

AFFIRMED.

---

3. *United States v. Mapelli*, 971 F.2d 284, 286 (9th Cir.1992).

4. *United States v. Tarazon*, 989 F.2d 1045, 1052 (9th Cir.1993).

5. *Id.*

6. *United States v. McChristian*, 47 F.3d 1499, 1507–08 (9th Cir.1995).

7. *United States v. Sayakhom*, 186 F.3d 928, 943 (1999).

8. *See United States v. Molina–Tarazon*, 279 F.3d 709, 713

9. *United States v. Hernandez*, 322 F.3d 592, 600 (9th Cir.2003), *cert. denied*, —— U.S. ——, 124 S.Ct. 1036, 157 L.Ed.2d 886 (Jan. 12, 2004) (holding that *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) did not overrule *United States v. Buckland*, 289 F.3d 558, 562 (9th Cir.2002) (en banc) or *United States v. Mendoza–Paz*, 286 F.3d 1104, 1109–10 (9th Cir.2002)).